## Seybert's Administrators *versus* Pennsylvania Mutual Fire Insurance Company.

A policy of fire insurance provided : "If, after insurance, the risk shall be increased by any means whatsoever, or if the property . . . shall be incumbered by judgment, mortgage or otherwise . . . and the assured shall neglect or fail to give written notice thereof, and pay etc., . . . . . such insurance shall be void and of no effect." During the life of the policy, a judgment was entered against the assured on a penal bond with confession of judgment conditioned upon the restoration of certain personal property which had been levied upon by the sheriff, and upon which execution had been stayed. No notice of this judgment was given to the insurer. Subsequently, on demand of the sheriff, the property was forthcoming. *Held*, that the judgment was an incumbrance within the meaning of the policy.

April 11th 1883. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

ERROR to the Court of Common Pleas of *Luzerne county :* Of January Term 1883, No. 298.

Debt, by Stephen Hill and Urias Seybert, administrators of Reuben Seybert, deceased, against the Pennsylvania Mutual Fire Insurance Company, to recover the amount of a policy of fire insurance issued September 15th 1877, by the company defendant, on the dwelling house of the decedent. Pleas, nil debet, payment with leave, etc. The building was totally destroyed by fire May 25th 1880, during the life of the policy.

On the trial, before RICE, P. J., the only defence urged by defendant company was that the policy had become void by reason of the non-compliance by the assured with one of its conditions, which read as follows :

"If, after insurance, the risk shall be increased by any means whatsoever, or if the property shall be used or occupied so as to render the work more hazardous than at the time of insuring, or if it shall be encumbered by judgment, mortgage or otherwise, or levied upon or taken into possession or custody, under an execution or other proceedings at law or equity, and the assured shall neglect or fail to give written notice thereof, and pay such additional premium as the company shall determine, and obtain written consent of the company to a continuance of the policy, such insurance shall be void and of no effect."

The judgment, the entry of which was alleged as a breach of the contract of insurance, was entered January 9th 1878, by W. P. Kirkendall, sheriff of Luzerne county, against Daniel F., and Reuben Seybert, on a bond with confession of judgment in the penal sum of $8,000. This bond was given to the sheriff by the Seyberts to secure the forthcoming of certain personal

property of Daniel F. Seybert, which had been previously levied upon by the sheriff in execution of a judgment held by one Bowman against Daniel F. Seybert, upon which execution had been stayed and a rule to open judgment taken. The condition of the bond was that if the said property were forthcoming, then the obligation was to be void and of no effect. No notice of the judgment was given to the defendant.

The plaintiffs offered in rebuttal the bond and the record in Bowman *v.* Seybert, for the purpose of showing the conditional character of the bond, and also that on the dissolution of the rule to open the Bowman judgment, the goods were forthcoming; that they were delivered to the sheriff, by whom they were sold, whereby the obligation and judgment against Reuben Seybert became void. Objected to. Objection sustained. Exception. (Third assignment of error.)

The court, by agreement of counsel, instructed the jury to find for the plaintiffs, subject to the point of law reserved, whether the judgment against Reuben Seybert of January 9th 1878, became an incumbrance and lien on the premises insured, within the meaning of the policy. Judgment was subsequently entered in favor of the defendant non obstante veredicto, RICE, P. J., filing the following opinion :

"That this judgment was an incumbrance on the property insured, there is little room for doubt. It was final and not interlocutory. It became a lien on the date of its rendition ; and upon breach of the condition of the bond an execution could have issued at once for the amount of the original execution against D. F. Seybert: McCann *v.* Farley, 2 C. 173; Slutter *v.* Kirkendall, 11 Luz. Leg. Reg. 291. It is well settled that a judgment under a warrant of attorney is not within the letter or reason of the statute of 8 and 9 Wm. 3, cap. 11, § 8. This is well shown in McCann *v.* Farley, 2 C. 173. Without any suggestion of breaches an execution may be issued on a final judgment, confessed by warrant of attorney, by simply marking the sum to be collected on the execution: Weikel *v.* Long, 5 Sm. 238 ; Jones *v.* Dilworth, 13 Sm. 447–9.

"It is undoubtedly true, as is argued, that the condition against incumbrance was inserted, in order that the character of the risk should not be increased or changed during the life of the policy without the consent of the company. But this consideration does not warrant the court to declare that such an incumbrance as this would not in fact increase the risk ; and that, therefore, the company would not be entitled to notice of it. The effect of this would be to set aside the express covenant which the parties saw fit to make. If there were any doubt as to the proper construction of the terms of the condition, then, possibly, the purpose of the condition would assist the court

[Seybert *v.* Pennsylvania Mut. Fire Ins. Co.]

in ascertaining their meaning. But where there is no such doubt we are compelled to enforce the covenants as the parties made them, even though we might consider them unreasonable, arbitrary and unnecessary. The case of Commonwealth Ins. Co. *v.* Berger and Butz, 6 Wr. 285, illustrates the authority of the court to refer to the purpose of a condition in construing terms of doubtful meaning. It was there held that the phrase ' levied on ' was defined by the immediately succeeding phrase, ' taken into possession or custody,' and meant an actual manual seizure. But there is no room for such construction here. The words are plain and unambiguous, and their effect cannot be avoided without substituting another contract for the one which the parties made."

The plaintiff thereupon took this writ, assigning for error the exclusion of their testimony and the entry of judgment for the defendant.

*Q. A. Gates,* for plaintiffs in error.—We think this case belongs to that class, to which Phila. Bank *v.* Craft, 16 S. & R. 347 ; Adams *v.* Bush, 5 Watts 289 ; McClure *v.* Roman, 2 P. F. S. 458, belong. In the first of these it was decided that a judgment by confession for a sum to be ascertained by the pro-thonotary, binds the real estate only from the time of liquidation of the sum by the prothonotary. In the last case, it was held that the lien of a mortgage to secure future advances dates only from those advances.

In our case, there is a judgment, nominally for $8,000, an arbitrary sum having no relation to any amount that may be collected from the bondsman in case of breach. No value is set upon the personal property in the bond. Why then should this judgment be deemed an incumbrance, and a valuable contract forfeited thereby, until it is actually liquidated ? This is doubly unjust when, as in this case, there being no breach of the condition, there was, in fact, no enforceable judgment. To work a forfeiture, there should be shown an absolute judgment, which was a lien beyond the possibility of a doubt. Smith *v.* Ins. Co., 8 Norris 287, which was in affirmance of Ins. Co. *v.* O'Maley, 1 Norris 400, is directly in point. There the question of incumbrance was the vital question, and it was held that a technical incumbrance or a technical seizure would not avoid the policy. Our incumbrance was not merely technical, it was also contingent. The courts of New York have held that mechanics' liens were not incumbrances within the meaning of similar conditions in other policies. In Baley *v.* Ins. Co., 80 N. Y. 21, the incumbrance was a judgment and yet was held not to work a forfeiture. To the same effect is Merrill *v.* Ins. Co., 73 N. Y. 452. If there exists any doubt, that con-

[Seybert *v.* Pennsylvania Mut. Fire Ins. Co.]

struction which is most favorable to the assured should be adopted : Butz *v.* Ins. Co., 6 Wr. 285.

*William S. McLean,* for the defendant, in error, cited Slutter *v.* Kirkendall, 12 W. N. C. 245 ; McCann *v.* Farley, 2 Casey 173.

Mr. Justice Paxson delivered the opinion of the court, April 30th 1883.

We cannot reverse this case without making a new contract between the parties. The policy of insurance under which the plaintiffs claim to recover, contains this clause : " If, after insurance, the risk shall be increased by any means whatsoever, or if the property . . . shall be incumbered by judgment, mortgage or otherwise, . . . and the assured shall neglect or fail to give written notice thereof, and pay such additional premium as the company shall determine, and obtain written consent of the company to a continuance of the policy, such insurance shall be void and of no effect."

It was not denied that during the life of the policy a judgment was entered against the assured in the sum of $8,000. This judgment was an incumbrance upon the insured premises within the meaning of the policy. It was contended, however, that as the condition of the bond was to restore certain personal property which had been levied upon by the sheriff, or pay the amount of the execution with costs, and said condition had never been broken, there was no point of time when execution could have been taken out on the judgment, and hence it was not such an incumbrance as was contemplated by the policy. This is arguing in a circle. It is not a question of execution but of incumbrance. There was a judgment and a lien. That the condition of the bond was not broken is not material. A judgment for borrowed money may be upon record for years, and yet no right to an execution exist during all that time. This is always the case when the money is paid at maturity. In either case an execution may issue upon breach and not before. I am unable to distinguish this case from that of an ordinary judgment for borrowed money. The theory upon which the clause in the policy rests, is that encumbered property is not as safe a risk as property that is free from liens, and many companies require a higher rate of insurance in such cases. It is so with the defendant company, and it defends upon the ground that the assured has not paid the increased premiums for the increased risk. That it was an increased risk is fixed by the terms of the policy and the agreement of the parties. It is not an open question for our consideration. The terms of the policy are not ambiguous and do not need

construction; hence, Butz *v.* The Insurance Company, 6 Wright 285, and other cases cited, have no application.

The argument that the judgment was entered without the knowledge of the assured is without force. It was entered upon his confession, and he is chargeable with knowledge. A man who gives a judgment or mortgage knows that it may, and probably will be, placed on record. He may not have actual knowledge of the time of its entry, but the act is his, and he must be held responsible therefor.

I am aware that it has been held in Green *v.* Homestead Fire Ins. Co., 82 N. Y. 517, and other New York cases, that mechanics' liens are not incumbrances within the meaning of similar clauses in fire insurance policies. These cases, however, go upon the ground that the liens were not entered by the consent or procurement of the assured. These cases are not analogous and do not apply.

If the assured here had notified the company defendant of the incumbrance, and had obtained its written consent to the continuance of the policy, that fact was peculiarly within his knowledge and should have been proved by him. As he did not do so, we may fairly presume the fact is not so.

This may be a hard case, but the less we say about that the better. Our province is to administer the law as we find it. Its proper administration will sometimes work individual hardship, but this is true of the application of all general rules. It is a much less evil than to construe the law to meet the supposed hardship of particular cases.

Judgment affirmed.