## B. A. HENCH v. AGRICULTURAL INS. CO.

ERROR TO THE COURT OF COMMON PLEAS OF PERRY COUNTY.

Argued May 24, 1888—Decided October 1, 1888.

A condition in a policy of fire insurance that if the property insured shall become incumbered by mortgage, judgment or otherwise, the policy shall be null and void unless the written consent of the company be obtained, is broken when an incumbrance falls upon the property, whether the assured has actual knowledge of it or not, and no recovery can be had without a continuance of the policy by the written consent of the company: Penn. M. F. Ins. Co. v. Schmidt, 119 Pa. 449, followed.

Before GORDON, C. J., PAXSON, STERRETT, GREEN, CLARK and WILLIAMS, JJ.; TRUNKEY, J., absent.

No. 77 July Term 1888, Sup. Ct.; court below, No. 12 November Term 1886, C. P.

On August 19, 1886, a summons in debt was issued by B. A. Hench for the use of Emanuel Toomey, in so far as his interest may appear, against the Agricultural Insurance Co., of Watertown, N. Y., to recover upon a policy of insurance in $3,300, of which the sum of $500 was upon personal property, the remainder upon the dwelling and farm buildings. The pleadings did not appear upon the paper-books.

The material facts appearing at the trial on January 21, 1888, were admitted to have been as follows:

At the time the policy was issued, June 5, 1884, the plaintiff owned a farm upon which the insured buildings were erected, and against which there were judgment liens in favor of Emanuel Toomey to the amount of about $4,000. These liens were stated in the application for the policy, and it was directed that the loss if any should be payable to Emanuel Toomey, " as his interest may appear."

The plaintiff was also indebted, when the policy issued, to Mrs. Ellen A. Clark, who held his note, with warrant of attorney, for $800. In March, 1885, Mrs. Clark, desiring to assist her husband in the purchase of a farm from David Kleckner,

called upon the plaintiff for payment, but suggested that if he would see Kleckner the latter might take the plaintiff's note for money and thus give him additional time to pay. Kleckner, on application made to him, agreed to take plaintiff's note as cash, but said he would enter judgment thereon unless protected by security. Then, on April 1, 1885, the plaintiff, in settlement of his indebtedness to Mrs. Clark, passed to Kleckner two notes, one for $398, with Robt. A. Clark as surety, and another for $450, with J. W. Gantt as surety. These notes contained warrants of attorney to enter judgment, and Kleckner accepted them, fully satisfied with the security given, and informed the plaintiff that he would not enter judgment on the notes.

On April 27, 1885, without the plaintiff's knowledge or any intimation to him, Kleckner caused judgment to be entered upon both notes, as liens upon the plaintiff's farm. The plaintiff had no knowledge of the entry of these judgments until after a fire occurred on January 6, 1886, which destroyed his dwelling-house, insured at $800, and personal property, the agreed value of which was $100.

The jury returned a verdict for the plaintiff for $997.40, subject to the judgment of the court upon questions reserved as to the effect of certain conditions in the policy, appearing in the opinion, filed on May 1, 1888, BARNETT, P. J.:

By amicable arrangement between the parties the evidence in this case was submitted to a jury to assess the plaintiff's damages, if in law he was entitled to recover, and the question of law was reserved by the court, whether under the uncontradicted facts in the case, the plaintiff was entitled to judgment. The undisputed facts, so far as it is material to state them in this opinion, are as follows:

On June 5, 1884, Benjamin A. Hench obtained a policy of insurance for three years from the defendant, of $800 on his dwelling-house and $200 on household furniture while therein; of $100 on wash-house; of $900 on barn No. 1, and $750 on produce while therein; of $50 on corn-barn and wagon-house; and of $500 on horses; aggregating a total of $3,300; "loss if any payable to Emanuel Toomey as his interest may appear." The dwelling-house was destroyed by fire on Janu-

ary 6, 1886, and the loss sustained by the plaintiff amounted to $997.40, as ascertained by the verdict of the jury.

The policy contains the following provisions : "If any other insurance has been or shall hereafter be made upon the property hereby insured or any part thereof, or any interest therein, whether such other insurance is valid or invalid ; . . . . . or if the property, either real or personal, or any part thereof, shall become incumbered by mortgage, judgment or otherwise ; . . . . . then, and in every such case, and in either of said events, this entire policy and every part thereof, shall be null and void, unless the written consent of the company at the Baltimore office is obtained. In case such consent is applied for and refused, the company will pay to the assured the unearned premium." Another provision, although not material in the view we take of this case, is the following: "No agent is permitted to give the consent of the company in any other case required by the provisions of this policy, or to waive any stipulation or condition contained therein ; but in all cases where the consent of the company is required by this policy other than consent to the assignment of the policy, such consent must be obtained in writing, and at the Baltimore office ; and no statement made or information given by the assured prior to the issuing of this policy to any agent or solicitor of this company, shall be deemed to be made to this company unless the same is reduced to writing and incorporated in the application hereinbefore mentioned, or indorsed upon this policy."

An additional insurance in the Sun Company of London was subsequently obtained by the plaintiff. It was argued by the learned counsel of the plaintiff that there was such notice of this additional insurance that would permit a recovery. But a decision of this question, we think, is not necessary to a proper determination of this case. There is another objection to the plaintiff's right to recover which we think is fatal.

There were certain judgments in favor of Emanuel Toomey that were liens on this real estate at the time the policy of insurance was obtained from defendant. But subsequently on April 27, 1885, a judgment was entered to No. 98 April Term 1885, for $398, in favor of David Kleckner against Benjamin A. Hench and Robert Clark ; and a judgment was entered to

No. 99 April Term 1885, for $450 in favor of the same plaintiff against Benjamin A. Hench and J. W. Gantt.  These judgments were liens on the insured property, no payments were credited thereon, and no notice thereof was given to the defendant company.  The plaintiff testified that he did not know these judgments in favor of David Kleckner had been entered, until the sheriff came with his executions after the fire; and that the agreement was, if he would give security on the notes, which he did, judgments should not be entered thereon.

The learned counsel of defendant has called our attention to the recent case of the Pennsylvania M. F. Ins. Co. v. Schmidt, decided since this case was tried, and reported in 119 Pa. 449.  We think it rules this case, and renders any discussion on our part unnecessary.  In that case the plaintiff had been chosen treasurer of The Rescue Hook and Ladder Company.  He had positively declined to accept said office unless the company would agree not to enter up his bond.  The company had agreed not to do this, and had in breach of this agreement in bad faith entered up the bond without the knowledge and consent of the plaintiff.  Yet it was held to be immaterial whether the plaintiff had actual knowledge of the judgment or not.  Mr. Justice Paxson delivering the opinion of the court says : "That the risk was increased by the entry of this judgment is assumed by the terms of the policy.  It is not, therefore, an open question.  The company has not received the premium for this increase of the risk, and not being itself in default is not bound to indemnify without receiving the consideration for such indemnity.  This position is fully sustained by the authorities.  It is sufficient to refer to Brown v. Insurance Co., 41 Pa. 187 ; Insurance Co. v. Gottsman, 48 Pa. 151 ; Seybert v. Penn. M. F. Ins. Co., 103 Pa. 282."

It is part of the citizen's individual liberty to enter into such lawful contracts as he pleases, and, when free from fraud or mistake, it is the duty of courts to enforce them according to the intent and meaning of the parties as contained in their agreement.  Thus their rights and liabilities, as fixed by themselves, are determined from the terms used to express them; and litigation is not invited by the hope that a court and jury may relieve against the hardship of a particular case, through some refinement of reasoning that in fact substitutes a new

contract for the one made by the parties.   The parties in this case definitely agreed that a subsequent incumbrance of the insured property without notice to the company should render its policy null and void.   There is no dispute as to the subsequent incumbrance, and the want of notice, and this the parties themselves have declared shall avoid the policy.   Reason and authority require us to say, this is fatal to the plaintiff's right to recover.

The court having reserved the question, whether, under the recited conditions of the policy and the facts of additional insurance and subsequent incumbrance, the plaintiff was in law entitled to recover, and being of the opinion against the plaintiff by reason of the subsequent incumbrance and want of notice thereof to the company, now May 1, 1888, notwithstanding the verdict, hereby enters judgment in favor of the defendant.

The plaintiff thereupon took this writ and specified that the court erred:

1. In directing a general judgment for the defendant, non obstante veredicto.

2. In not entering judgment for the plaintiff for the loss upon the personal property, at least.

*Mr. Wm. H. Sponsler* (with him *Mr. W. A. Sponsler.* and *Mr. J. L. Markel*), for the plaintiff in error:

1. It is respectfully submitted that Penn. M. F. Ins. Co v. Schmidt, 119 Pa. 449, does not rule the case at bar.   In that case as well as in Seybert v. Penn. M. F. Ins. Co., 103 Pa. 282, the defendant company was the same, and both cases were adjudicated upon the same covenant, to pay additional premiums if the property became incumbered after the policy issued.   The agreement to pay an additional premium, if an incumbrance fall, is declared to make the incumbrance an increase of the risk, per se, and to close the question as to whether in fact it is an increase of the risk or not.   The principle is, risk increased or not in fact, if the incumbrance falls, the additional premium must be paid or the policy is avoided. In the present case, there is no stipulation to pay an additional premium if an incumbrance falls; no notice of the incum-

brance is to be given in writing ; the only notice the company covenants for, is that which will come through an application by the insured to incumber or allow the policy to continue, after an incumbrance has already fallen.

2. By the plain reading of the policy, the insurer says to the insured, " If you want to incumber or if an incumbrance has fallen, and you want your policy to continue, you must make application to us." In the one case, the insured must intend to incumber, and in the other, he must know of the incumbrance fallen, in order to make the application. How is the assured to make such application if he do not know of the incumbrance and has no reason to believe it exists ? Surely the assured covenanted to apply for consent only when he knew or ought as a prudent man to have known of the incumbrance. Moreover, the object of the inquiry as to incumbrances, is to ascertain the interest the assured has in the property, in order to know how great the motive for its preservation : May on Insurance, § 290 ; Brown v. Insurance Co., 41 Pa. 194. The motive to preserve, or the temptation to destroy, can arise only upon information had by the assured. If he do not know, and have no reason to believe, the motive cannot be affected.

3. The personal property was never incumbered, and by the ruling in Phil. F. & L. Ins. Co. v. Mills, 44 Pa. 241, and M. & M. Ins. Co. v. O'Maley, 82 Pa. 400, the court will restrict the terms of the stipulation to the legal process provided by law for each species of property, and the judgments entered, without executions, will not be extended to affect the personal property.

*Mr. W. N. Seibert*, for the defendant in error :

1. The distinction sought to be made between Schmidt's Case, 119 Pa. 449, and the case at bar, by reason of the policy provision in the former case containing the words " and pay such additional premium as the company may determine," while in this case the policy provision does not contain these words, cannot aid the plaintiff in error. The covenant in this case was against subsequent incumbrances—not that he might incumber, give notice thereof, pay additional premium and hold the policy in full force, but that if the property became incumbered the

Opinion of the Court.

entire policy should become void " unless the written consent of the company at the Baltimore office is obtained;" and the company covenants that "in case consent is applied for and refused, the company will pay to the assured the unearned premium." Thus it is clear the company might, at its option, exact an additional premium because of the after incumbrance, or impose other terms as a condition precedent to continuing the policy in force, and upon failure of assured to comply, cancel the policy and return to the assured the unearned premium.

2. The claim that the verdict of the jury as to the loss on personal property should be sustained, is an odd one. Incumbrances in the nature of judgment liens were entered against assured by virtue of his personal confession of judgment or warrant of attorney, i. e. because of his act; he gave no notice thereof to the insurance company, as he had covenanted to do, and the " entire policy and every part thereof" became void. It is not a question of what agreement assured made with his creditor. This insurance company was no party to that, could not be affected by it, and the court could not consider it as an element in the case. The facts being that the subsequent judgment liens were entered of record and no notice thereof given to this company defendant, ended the case; plaintiff could not go behind or beyond these facts. It was error to admit the evidence, cured however, by the judgment as entered by the court below upon the points reserved.

OPINION, MR. JUSTICE PAXSON:

This case is distinctly ruled by Seybert v. Pennsylvania Mutual Fire Insurance Company, 103 Pa. 282, and same Company v. Schmidt, 119 Pa. 449, in which it was held that a covenant against incumbrances in a fire policy is broken the moment an incumbrance falls upon the property insured whether the assured has or has not actual knowledge of such incumbrance. In the present case, as in Insurance Company v. Schmidt, the assured alleged that he had no knowledge of the entry of the judgment in question; that in point of fact the holder thereof had agreed not to enter it. That is a matter between the assured and the person who entered a judgment against him in violation of his agreement. What has the company to do with this? It cannot be affected by the act of third parties with whom it has no relations,

and of which it has no knowledge.   An assured who covenants against incumbrances must keep his covenant precisely as every other person, and it is his business to see that no incumbrances fall upon his property.   If an additional incumbrance does so fall, let him notify the company and pay the increased premium, if demanded, or make his peace with them in the best way he can.   Upon his failure to do so we cannot help him.

I do not see how I can make the matter any clearer than was done in the cases cited.   If the profession do not understand them it must be by reason of my obscure way of stating legal principles.

Judgment affirmed.