# Lowenstein, Appellant, *v.* Ecker et al.

*Ejectment—Possession—Evidence—Estoppel.*

Liability on contract, based on the principles of estoppel, does not necessarily imply liability to be sued in ejectment, in which defendant's actual possession of the premises must be proved.

Searfoss and Ecker were sued in ejectment. Searfoss leased the premises in dispute, and used them as a store and residence. Searfoss's goods in the store were sold at sheriff's sale to Sherred. Subsequently his leasehold interest was sold to plaintiff. Sherred took and kept possession of the store for about two weeks, Searfoss continuing to occupy the rest of the premises. A few days after the sheriff's sale of the leasehold, Ecker bought from Sherred the stock of goods and gave him a judgment note for the purchase money, agreeing not to sell the goods in any manner other than in connection with the mercantile business conducted in his own name. Sherred then withdrew from possession, and thereafter Searfoss conducted the business as an " agent." As a matter of fact the purchase was exclusively for the benefit of Searfoss, who paid the purchase money, and Ecker merely acted as his agent in securing the transfer. *Held,* that in an action of ejectment, (1) Ecker was not estopped from showing that he had no interest in the goods, and that Searfoss was not his agent; and (2) that Ecker was entitled to judgment in his favor.

Argued April 13, 1893. Appeal, No. 355, Jan. T., 1893, by plaintiff, Elias Lowenstein, from order of C. P. Luzerne Co., Oct. T., 1889, No. 95, sustaining exceptions of Herman Ecker to report of referee. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM and THOMPSON, JJ.

Ejectment.

The facts appear by the following opinion of the court below by RICE, P. J.:

" Ejectment is a possessory action, and, in order to recover, the plaintiff must allege and prove that the defendant was in actual possession of the land at the time of the service of the writ. By the act of 1807 the sheriff's return of service is made prima facie evidence of this fact, but it may be rebutted by other evidence; and, if rebutted, the defendant has made a complete defence, whatever may be his liability to the plaintiff in another form of action. Whether or not the defendant was in actual possession is a question of fact; and where, upon com-

petent evidence, a referee or jury specially finds that the defendant was not in actual possession, a judgment cannot be entered against him, but he is entitled to judgment for his costs, even though he did not file a disclaimer with his plea.

"Applying these simple and well settled rules to the facts found by the referee, was the plaintiff entitled to a judgment against Herman Ecker? As there is no formal finding that he was ever in actual possession, the question is, whether the combined effect of the facts found is to show such possession or to estop him from denying it.

"John Searfoss, his codefendant, was the owner of a leasehold estate in a lot of land in the city of Wilkes-Barre, upon which he had erected a two-story frame building, a barn and other outbuildings. The lower story of the main building was used by him as a store in which he carried on a mercantile business, and the upper story was occupied by him as a residence. His leasehold interest in the land was levied upon and sold to the plaintiff in this action.

"A short time before this sale his stock of goods in the store had been sold at sheriff's sale to William H. Sherred, who took and kept possession of the store for about two weeks, Searfoss continuing in the occupancy of the rest of the premises.

"A few days after the sheriff's sale of the leasehold, Herman Ecker and Otto Behrens bought from Sherred the stock of goods in the store, and gave him their judgment note for the purchase money; and, for the purpose of better securing him, they, at the same time, agreed 'to not sell or otherwise dispose of said stock of goods in any manner other than in connection with the merchant retail business conducted in their own name,' until the whole of the purchase money should be paid; and further, to secure a policy of insurance upon the stock of goods for $2,500, and cause the same to be made payable to Sherred. Thereupon Sherred, who had possession of the store in which the goods were, withdrew from the possession, and thereafter Searfoss conducted the business as 'agent.' In fact, this purchase was exclusively for the benefit of Searfoss, and he paid the purchase money. It is not stated when he paid it, but if he did so, according to the terms of the contract—and there is no evidence to the contrary—it was all paid before this suit was brought. At all events Searfoss was the

real purchaser, and was not in fact the agent of Ecker and Behrens, but 'on the contrary,' quoting the language of the referee, 'Ecker and Behrens were agents of Searfoss in securing the transfer of a stock of goods from William H. Sherred to themselves for the benefit of John Searfoss.' So far as appears, Searfoss conducted the business solely for his own benefit. Ecker and Behrens never set up any claim to the land in controversy, and never exercised any dominion over it, but Searfoss continued in the sole and exclusive occupancy of it as before. In answer to points the referee specially finds: 'That Herman Ecker was not in the actual personal possession or occupancy of any building upon the premises described in the writ; also, that he had no interest of any kind in, or ownership of, the goods, or any part of them at any time contained in any of those buildings.'

"If Ecker did not own the goods and had no interest in them, or in the business, and if he never claimed any interest in or title to the land, and exercised no dominion over it, and if Searfoss was not his tenant or agent, it would seem that Ecker has successfully rebutted the presumption arising from the sheriff's return, and is entitled to judgment in his favor. Notwithstanding these facts the referee holds that Ecker is a proper party defendant, because he and Behrens were the ostensible owners of the goods, the real title to which, as between them and Searfoss, was in the latter, and permitted him to hold himself out to the world as their agent at a time when, in the ordinary conduct of the business, Searfoss acquired and held tortious possession of the plaintiff's property. This proposition presents the serious question in the case, and in disposing of it we shall not stop to inquire whether the evidence shows that Searfoss held himself out to the world as the agent of Ecker and Behrens, or simply as an agent for an undisclosed principal. We assume the former to be true, and concede that if this were an action on a contract made in the ordinary course of business, Ecker and Behrens would be estopped from denying Searfoss's authority. But liability on contract, based on the principles of estoppel, does not necessarily imply liability to be sued in an action of ejectment in which the defendants' actual possession of the premises must be proved. If I permit another to do business in my name, upon the premises occu-

pied by him, it is competent, in any dispute between us, to show that the goods and the profits arising from the same belong to him and not to me. But, as between me and third persons who have dealt with him on the faith of my ostensible agency, I am estopped from showing the true relations between us in order to escape the consequences of his acts done in the ordinary course of the business. 'Those clothing an agent with apparent authority are, as to parties dealing on the faith of such authority, conclusively estopped from denying it:' Hubbard v. Tenbrook, 124 Pa. 291. But as a general rule the representation must have been acted upon in order to create an estoppel; and where the question is whether I was in possession of certain real estate actually occupied by another, and the only evidence of fact is that the goods on the premises were bought in my name, and the business is conducted by the occupier as agent, it is competent for me to show that I have no interest whatever in the goods or the business, and that the actual occupant of the premises is not my agent, and is not holding for me, unless it appears that the plaintiff did, or omitted to do, something which he would not have done or omitted if he had known the truth.

" It is argued that Ecker is estopped because he lent himself to a scheme to defraud Searfoss's creditors. We do not deem it necessary to decide what effect that fact would have on the case, because there is no finding of fact which raises the question.

" As Herman Ecker was not in actual possession of the premises, and as it does not appear from the referee's findings of fact that he has done anything which in an action of ejectment would estop him from defending on that ground, it follows that, as the case is now presented, the plaintiff is not entitled to judgment against him.

" As against John Searfoss, the referee's findings are fully warranted by the pleadings and evidence, and the exceptions, so far as they concern his liability, are overruled and the report is confirmed for the reasons given by the referee.

" A question is raised in the plaintiff's brief, as to whether, having entered judgment against Searfoss, we have power to refer the case as to Ecker back to the referee, or whether it is our duty to enter judgment in his favor forthwith. This question was not discussed on the argument and we desire to

hear the views of counsel before deciding it. But we see no reason why judgment against Searfoss should be withheld meantime.

" Now, February, 1892, the exceptions, so far as John Searfoss is concerned, are overruled, and judgment is entered for the plaintiff against him in accordance with the referee's findings.

[" The ninth exception of Herman Ecker is sustained, and as to him a reargument is ordered upon the question stated in the foregoing opinion."] [1]

The court subsequently made the following order:

" Now, April 4, 1892, after reargument, and due consideration of the question upon which it was ordered, judgment is directed in favor of Herman Ecker." [2]

The ninth exception of Herman Ecker was as follows:

" 9. That the facts as found by the referee in his conclusions of fact are not sufficient to warrant the entry of judgment in favor of the plaintiff against the defendant, Herman Ecker, for either the recovery of the possession of the premises or for mesne profits."

*Errors assigned* were (1, 2) orders as above, quoting them.

*S. J. Strauss, A. R. Brundage* with him, for appellant, cited: Cooley on Torts, 534; Towanda Coal Co. v. Heenan, 86 Pa. 420.

*Michael Cannon,* for appellees, cited: Kile, Sheriff, v. Giebner, 114 Pa. 386; Paxton v. Steckel, 2 Pa. 93.

PER CURIAM, May 1, 1893:

In this action of ejectment against John Searfoss and Herman Ecker, the learned referee, upon the facts found by him, directed judgment against both defendants for the leasehold interest and improvements described in the writ, together with $957.33, mesne profits and costs. As to the defendant Ecker, it was contended that the facts found were insufficient to justify judgment against him, and the exception to that effect, recited in the first specification of error, was filed and sustained by the court below. This is the only subject of complaint in both specifications of error.

The findings of the referee as to both the possession and interest of Ecker is as follows :

" That Herman Ecker was not in the actual possession or occupancy of any building upon the premises described in the writ. Also, that he has no interest of any kind in, or ownership of, the goods, or any part of them, at any time, contained in any of these buildings."

These facts were insufficient to justify judgment against Ecker in a possessory action, such as this, and the court was right in so holding. There was therefore no error in sustaining said exception and entering judgment in favor of defendant Ecker. That judgment is the legal as well as the logical result of the established facts above quoted. Further discussion of the subject is unecessary. It was exhaustively considered in the court below, and we cannot do better than affirm the judgment upon the opinion of the learned president.

Judgment affirmed.