GEORGIA HOME INSURANCE CO. *v.* WM. SCHILD.

1. FIRE INSURANCE. *Condition against liens. Judgment lien not within.*

   Where a fire insurance policy contains a condition that the same shall be void if there be a mortgage, bill of sale or other lien upon the property insured, or any part of it, either prior or subsequent to the issuance of the policy, without the fact being indorsed thereon, it is no defense in an action on the policy to prove that, at the time of its issuance, there existed enrolled judgments against the plaintiff, to whom the policy was issued, that were not shown by any indorsement on the policy.

2. SAME.

   In such case, the terms of the condition do not include judgment liens and such other liens as are enforcible against the will of the insured.

FROM the circuit court of Holmes county.

HON. C. H. CAMPBELL, Judge.

The appellee brought suit upon a fire insurance policy for $1,500, issued by appellant on his household furniture, effects, etc. The policy contained, among others, the following condition: "If there be a mortgage, bill of sale or other lien upon the property hereby insured, or any part of it, either prior or subsequent to the issuance of this policy, without the fact being indorsed thereon, then, and in every such case, this policy shall be void."

On trial in the court below, the appellant, by way of defense, introduced evidence showing that, at the time the insurance was effected, there existed numerous unsatisfied judgments against the appellee, which were duly enrolled in the office of the clerk of the circuit court, and upon which executions had been issued some time shortly before, and others shortly after, the fire, and all bearing returns of *nulla bona.* The appellant further showed that the appellee was not assessed with taxes upon any property in the county.

The appellant asked the following instruction, predicated of this showing: "The court instructs the jury that, if they believe from the evidence that at the time of the insurance in this case there were judgment liens against Wm. Schild covering all the insured property except such as was exempt by law from execution, they will find for the defendant." It also asked a peremptory instruction to the jury to find in its favor. Both instructions were refused, and this action of the court below was set up, along with other grounds, in a motion for new trial, which motion being overruled, this appeal was prosecuted.

*E. F. Noel,* for the appellant.

The facts showed a breach of the condition of the policy in respect to incumbrances fatal to appellee's right of recovery, and the jury should have been so instructed. 1 May on Insurance, § 287; *Moore* v. *Virginia Insurance Co.,* 26 Am. Rep., 373. An incumbrance avoids a policy when contracted against in the policy whether its existence be known to the insured or not. May on Insurance, § 291; *Hench* v. *Agricultural Insurance Co.,* 9 Am. St. Rep., 74.

*J. Wiener,* for the appellee.

It is well settled that such a stipulation as the one in question has no reference to involuntary liens—such as judgment liens. It does not include claims and liens that are enforcible against the will of the insured. 1 Wood on Fire Insurance, § 352, p. 734; May on Insurance, § 292, p. 584; *Ib.,* § 292*a.*

The exceptional case cited by Wood in his work above referred to as departing from the general rule (40 Md., 620) rested upon the peculiar phraseology of the stipulation, and is not authority for the position of the appellant. A forfeiture should not be declared upon equivocal and doubtful words in a contract. *Bailey* v. *Homestead Fire Insurance Co.,* 80 N. Y., 21.

WHITFIELD, J., delivered the opinion of the court.

"Incumbrances, without the consent of the company, do not include those liens and claims, such, for instance, as judgment liens, which are enforcible against the will of the insured, but only such as may be created by his consent, and on application to the company for its consent." 1 May on Ins. (3d ed.), § 292; 1 Wood on Ins., § 352; *Bailey* v. *Insurance Co.*, 80 N. Y., 21. In the case cited on this point by counsel for appellant (*Hench* v. *Insurance Co.*, 122 Pa. St., 128; 15 Atl., 671), the clause in the policy recited expressly that "if the property . . . shall become incumbered by mortgage, judgment or otherwise," etc., it should be void. The case is no authority here, where the clause does not expressly recite the word "judgment," but the words are "mortgage, bill of sale or other lien"—other lien *ejusdem generis.* The issues of fact are settled by the verdict.

*Affirmed.*