# Mary A. Todd, Appellant, *v.* the Quaker City Mutual Fire Insurance Company.

*Insurance—Authority of secretary to adjust loss—Question for jury.*

Declarations made by a representative of a fire insurance company that he had power to adjust and settle a loss and the fact that he was secretary, treasurer and director of the company are separately insufficient to establish his authority to settle and adjust the loss; but his relation to the company, coupled with the correspondence in the case and his declarations, may be fully sufficient to clothe him with apparent authority to bind the company, and the question is then one for the jury.

*Practice, C. P.—Rules of court—Defendant's bill of particulars—Amendment.*

Where the rules of court require a bill of particulars of the grounds of defense as well as those of the claim, the parties may amend saving the right of the opposite party to plead surprise. Where, therefore, the court

has refused an amendment which would have made certain evidence admissible for defendant but afterward admits the evidence without amendment, such action is error.    This error is not made harmless by treating the defendant's bill of particulars as amended because the plaintiff was not given his chance to apply for a continuance.

*Practice, C. P.—Appeals—Disregard of rules considered error.*

Courts are generally permitted to construe their own rules; yet when the manner of treating the rule is not interpretation or construction but conducting a trial in plain disregard thereof, such action of the court below is reversible error.

*Insurance—Evidence to prove adjustment when admissible.*

In a suit resulting from a fire loss it was error to reject an offer of evidence, on behalf of plaintiff, to prove a settlement and adjustment of a loss by an authorized agent of defendant company and a promise for the company to pay the amount agreed upon; also to show that the adjustment and promise to pay superseded the original contract.

*Insurance—Compromise agreement—Waiver of conditions.*

After an adjustment or compromise of a fire loss and a promise to pay based on such adjustment, it is too late to impale the plaintiff on any of the sharp conditions sometimes found in policies of insurance.    A breach of warranty or of any condition in the policy must be insisted on when the claim is made and before an agreement to pay the loss has been made.

Argued March 17, 1898.    Appeal, No. 38, March T., 1898, by plaintiff, from judgment of C. P. Juniata Co., Feb. T., 1897, No. 34, on verdict for defendant.    Before RICE, P. J., WICKHAM, BEAVER, REEDER, ORLADY, SMITH and PORTER, JJ. Reversed.

Assumpsit on policy of insurance.    Before LYONS, P. J.

It appears from the record and evidence that the plaintiff was insured in the defendant company under three policies of fire insurance, one a perpetual policy for $1,500 on a dwelling house, which was damaged by fire which occurred on July 28, 1896; one on her personal property, dated April 2, 1896, for the term of three years for the sum of $600; and one dated June 18, 1895, for $400 for five years on a frame stable and carriage shed, which proved a total loss.    On the day of the fire the defendant company was notified thereof and on July 31, 1896, A. T. Cross, who was secretary, director and treasurer of defendant company, visited the scene of the loss, as it was alleged, for the purpose of adjusting said loss, and represented himself to be the adjuster of the defendant company.    There

was evidence introduced on the part of plaintiff tending to show that the stable was a total loss and that the loss thereon was adjusted and fixed at $400. The loss on the dwelling house was compromised and settled for $463.81 and the loss on the personal goods was compromised and settled at $405. There was evidence tending to show that Cross, after such adjustment and settlement, had said to the plaintiff, " all right, then just send in your proof sheet," as to the loss on the stable. Subsequently, as the result of the failure to pay by the company, plaintiff brought suit on these three policies in the court of common pleas of Juniata county, to Nos. 33, 34 and 35, of February term, 1897. The company permitted a verdict to be taken against it for the amount claimed in No. 35, on the loss on the personal goods, and Nos. 33 and 34, representing the claims for losses on the stable and dwelling house, form the subject of appeals to this court, to Nos. 37 and 38 of March term, 1898, the claim in this case being for the loss on the dwelling house. Defendant company set up as a defense on the policy that the policies were void by reason of the entry of judgment against Mary A. Todd for $900 and interest, etc., subsequent to the date of the policy in violation of article 18 of the by-laws of said company.

At the trial of the case plaintiff offered to show this compromise and settlement, and the amount promised to be paid in satisfaction of this claim as averred in the statement of claim. The offer and objection were overruled by the court. After this ruling the plaintiff proceeded to show the amount and value of the injury done to the dwelling house insured and the defendant company set up, as a defense against any recovery on the policy, that the policy was void by reason of the entry of a judgment in the court of common pleas of Juniata county against Mary A. Todd, subsequent to the date of the policy in violation of article 18 of the by-laws. The plaintiff resisted this defense on the ground that no mention of this judgment or defense was set forth in the bill of particulars, which defendant company was required to furnish under the rules of court. The court denied to the defendant the right, in that stage of the case, to amend its bills of particulars but allowed defendant to show the judgment.

The court directed a verdict for defendant. Plaintiff appealed.

*Errors assigned* among others were (1) in the rejection of evidence offered by plaintiff to prove by witness on the stand that A. T. Cross entered into an adjustment and settlement of the amount of the loss upon the dwelling house, and that they agreed upon the amount of the loss as $461.83, which sum, the company by its secretary, A. T. Cross, then assumed and promised to pay. This for the purpose of showing the contract on which suit is brought. (2) In rejection of written evidence offered by plaintiff for the purpose of showing the authority of the agent, such evidence consisting of correspondence between the plaintiff and the Quaker City Mutual Fire Insurance Company. (3) In deciding that A. T. Cross, who was the secretary and treasurer of defendant company, had no authority to make the settlement in this case which he did make, and in refusing to submit that question to the jury. (4) In the admission of evidence to show entry of a judgment against the plaintiff after the date of the policy, overruling plaintiff's objection " that under the rules of court it is essential that matters of defense of this character shall be set forth in the bill of particulars." (6) In holding that the correspondence between the assured and defendant company offered with the other evidence in the case, was not sufficient to establish waiver of the conditions of the policy as to incumbrances, and in refusing to submit that question to the jury. (7) In directing the jury to find for the defendant.

*J. Howard Neely* and *L. E. Atkinson*, for appellant.—The plaintiff was entitled to recover on the compromise agreement of settlement: Flannery Bros. v. Ins. Co., 175 Pa. 387.

And the company is bound by the acts and declarations of its secretary in adjusting and compromising a loss : Haas v. Ins. Co., 49 Hun (N. Y.), 272.

As to the authority of the agent, see also Hubbard v. Tenbrook, 124 Pa. 291, Griswold v. Gebbie, 126 Pa. 353, Wachter v. Assurance Co., 132 Pa. 428, Lowenstein v. Ecker, 155 Pa. 304, Brooke v. Railroad Co., 108 Pa. 529, and 1 Am. & Eng. Ency. of Law, " Agency," 410, 425.

The public are not bound by the private instructions of the agent; and may hold the principal responsible, though the particular acts done are in excess of the private instructions :

Life Ins. & Trust Co. v. Shultz, 82 Pa. 46 ; McCullough v. Ins. Co., 2 Pa. Superior Ct. 233.

After this compromise agreement it was error for the court to hold that the entry of judgment of which the company had no actual knowledge when A. T. Cross made the compromise was a valid defense against recovery. The property insured was very valuable, worth about $5,000 ; the loss was an honest one : Wagner v. Ins. Co., 143 Pa. 338 ; Wood on Ins. sec. 450 ; Flannery Bros. v. Ins. Co., 175 Pa. 387.

A compromise, fairly entered into, discharges the original cause of action, which cannot be recurred to by either party : Turnpike Co. v. Hendel, 11 S. &. R. 123 ; 2 Wood on Fire Insurance, sec. 450 ; Ins. Co. v. Barnes, 21 Pac. Rep. 165 ; Gristock v. Ins. Co., 49 N. W. Rep. 634 ; Dennis v. Ins. Co., 4 Pa. Superior Ct. 225.

The acts and declarations of A. T. Cross, secretary, director and treasurer of the company were those official acts and declarations by the company from which the insured reasonably inferred that the company did not mean to insist on any defenses, and the act of settlement ought in equity to estop the party from setting up the defense it does in this case : Beatty v. Ins. Co., 66 Pa. 9 ; Flynn v. Ins. Co., 4 Pa. Superior Ct. 137.

A limitation or condition in a policy of insurance intended for the benefit of the corporation may be waived by it and the fact of waiver is a question for the jury : Coursin v. Ins. Co., 46 Pa. 323 ; McFarland v. Ins. Co., 134 Pa. 590 ; Gould v. Ins. Co., 134 Pa. 570.

*James C. Sellers*, with him *T. M. Uttley & Son*, for appellee.— The first, second and third assignments of error relate to the refusal of the court below to admit evidence of an alleged agreement by the secretary of the insurance company as to the amount of the loss and a promise to pay it. The evidence was excluded because no authority to make such an agreement or promise was shown : Hays v. Lynn, 7 Watts, 524.

Waiver is a matter of intention and cannot take place unless the insurer knows of the breach of the contract. This knowledge must be shown by the party alleging the waiver : Diehl v. Ins. Co., 58 Pa. 443 ; Freedman v. Fire Assn., 168 Pa. 249 ; Flynn v. Ins. Co., 4 Pa. Superior Ct. 137.

In the present case there was no evidence to show knowledge on the part of the company and the officers expressly denied any such knowledge.

OPINION BY ORLADY, J., January 18, 1899:

The defendant company issued an insurance policy of perpetual duration in the sum of $1,500 on the dwelling house of the plaintiff. The property was damaged by a fire of which the defendant had a prompt notice, and within two days thereafter, one A. T. Cross who was the secretary, treasurer and a director of the company, visited the ruins and represented himself as the adjuster of the company; selected mechanics and material men to make estimates, and, the plaintiff contends, did then and there adjust and compromise the loss at $461.83, and in the name of the company assumed and promised to pay that sum in satisfaction of her claim. For which amount this suit was brought on December 29, 1896.

By the 18th article of the by-laws of the company which are a part of the policy of insurance and made a part of the statement it is provided, viz: "If the property real or personal covered by the policy of a member be or become encumbered by a mortgage, trust deed, judgment or otherwise, the entire policy shall be void unless otherwise provided by agreement indorsed hereon or added hereto." It appears from the evidence that during the life of the policy, a judgment was entered in the court of common pleas of the county against the defendant in the sum of $900, and it is not affirmatively shown that the defendant had actual notice of this lien at the time of the fire or adjustment of the loss.

The judgment was given to secure the balance of the purchase money of other real estate purchased by the plaintiff after the policy of insurance was issued, and was paid in full, and on March 1, 1897, was marked satisfied which was before the trial of the cause on April 29, 1897.

January 30, 1897, the defendant filed an affidavit of defense in which the entry of the judgment was specified as one of several defenses; on February 15 a rule was issued and served on the defendant to file a bill of particulars, and pursuant thereto, the defendant four days after the judgment was satisfied filed a bill of particulars, and three days before the trial

of the cause filed an amended bill of particulars, in neither of which is any mention made of the entry of the judgment as an element of defense to the plaintiff's demand.

The defendant contended that the incumbrance rendered the policy void and the learned judge directed a verdict for the defendant under authority of Ins. Co. v. Gottsman's Adms., 48 Pa. 151, Seybert's Adms. v. Insurance Co., 103 Pa. 282, Insurance Co. v. Schmidt, 119 Pa. 449, and Hench v. Insurance Co., 122 Pa. 128.

The plaintiff offered to prove that A. T. Cross, the secretary of the company, was on the ground pursuant to his own notice that he would visit her as secretary of the plaintiff and advised that she should "have everything in good shape so he can go over it with as little delay as possible," and that after an examination of the facts he settled and adjusted the amount of the loss at $461.83 and promised to pay said sum in settlement of the loss, which evidence was rejected by the court (first assignment), for the reason that the declaration of Cross when he came upon the scene, if made without authority, would not bind the defendant company; and that until it was shown that he had authority from the company to adjust the loss and agree to its payment, the evidence was inadmissible; and that without showing that the company had knowledge at that time of the incumbrance set up as a defense, the offer would be ineffectual.

In this we think there was error. The notice to the assured of the visit of the expected representative came from the office of the company; it was signed by the secretary; it requested the plaintiff to arrange for the transaction of the very business about which each was interested. The company cannot mislead the plaintiff into divulging her case to one sent to represent it who is apparently clothed with authority to adjust the loss, and then deny that he was acting for it. She was bound to look to his authority. Where should she look, but to the company's officials? A. T. Cross had no other business with her nor on her property save to act for the defendant. The appointment was of the company's making and the information requested was to aid Cross in deciding the amount of the loss to the insured and the liability of the company. It is the apparent scope of his authority and not his actual instructions,

that must govern.  The declaration of Cross, the fact that he was secretary, treasurer and a director of the company were separately insufficient to establish his authority to adjust the loss; but his relation to the company, coupled with the correspondence and his declarations were fully sufficient to clothe him with apparent authority to bind the company : Hubbard v. Tenbrook, 124 Pa. 291; Griswold v. Gebbie, 126 Pa. 353 , Wachter v. Assurance Co., 132 Pa. 428; DeTurck v. Matz, 180 Pa. 347; McCullough v. Ins. Co., 2 Pa. Superior Ct. 233; Lowenstein v. Ecker, 155 Pa. 304; Brown v. Title & Trust Co., 174 Pa. 443; Brooke v. N. Y., L. E. & W. R. R. Co., 108 Pa. 529; Flannery v. Ins. Co., 175 Pa. 387.  Moreover, there was an express offer to prove that Cross came to the plaintiff in response to her telegram by the direction of the president of the company.

The policy was for $1,500 and by plaintiff's own showing the loss was adjusted at less than one third that amount.  There was no fraud alleged in securing the policy nor in causing the loss.  The company has the benefit of the adjustment at this low figure and should not be permitted to entrap the plaintiff into fixing her loss at a minimum amount and then deny the agency which secured it, when nothing is done to put her upon inquiry as to the alleged limited authority of the agent.

The first, second and third assignments of error are sustained.

The Middaugh judgment for $900 was admitted in evidence under objection by the plaintiff (fourth assignment) that under the rules of court it is essential that matters of defence of this character shall be set forth in the bill of particulars.  Rule No. 69 requires that the plaintiff's bill of particulars shall contain a full, direct, and concise statement of his cause of action, with items and dates so far as practicable, and the defendant, a similar statement of the grounds of his defense.  Rule 70 provides that on the trial neither party shall be permitted to give evidence of facts outside his bill of particulars.  Either party, however, in the discretion of the court, will be permitted to amend his bill, provided that if the motion to amend is made after the cause is on the list for trial, and the opposite party shall allege surprise, supported by an affidavit of the facts, whereby the cause is continued, the costs of the term shall be paid by the party asking permission to amend.  Rule 71 provides that to

avoid being ruled to furnish a bill of particulars, the statement or affidavit of defense shall be indorsed "bill of particulars" and the party shall not thereafter be required to furnish an additional bill.   On the trial the defendant asked for leave to further amend its bill of particulars, so as to include the by-law and the Middaugh judgment as substantive evidence of defense, and this was refused by the court.

It thus appears that the judgment was received in evidence substantially the same as if the court had permitted the defendant to amend, and the plaintiff could not invoke Rule 70 to secure a continuance.   It is said in Bank v. Henning, 171 Pa. 399, while this court usually accepts the construction of other courts of their own rules, it is clear that the court should not so disregard them as to work injury to a suitor.   The error of receiving the judgment in evidence is not made harmless by this court treating the defendant's bill of particulars as amended, for the reason that the verdict was directed by the court below because of this judgment, and the plaintiff was entitled to a continuance of the cause at the defendants' costs, only if the amendment had been allowed.

The affidavit of defense was not treated by the defendant as a bill of particulars, it was not so indorsed, and in the original and amended bill of particulars the evidence on which the verdict is secured is conspicuously omitted.

This manner of treating the rule of court is not interpretation or construction, but conducting a trial in plain disregard of the rules, which is reversible error: Brennan's Estate, 65 Pa. 16; Gannon v. Fritz, 79 Pa. 303.

The cause of action, as set out in plaintiff's statement, was that the defendant company adjusted and compromised the amount of the loss, and assumed and promised to pay the named amount in satisfaction of the claim for the loss.   The plaintiff offered in the fifth assignment of error to prove all that she claimed; the authority of Cross to bind the company, and that Cross did then and there settle and adjust the amount of the loss, and promised for the company to pay the amount agreed upon.   If the offered proof would establish all that the plaintiff claimed for it, she was entitled to recover unless the extremely technical breach of the conditions would prevent it. But the plaintiff's allegation went beyond the breach of the

condition, and asserted liability on the adjustment and promise
to pay.    The defendant denied liability by reason of the incum-
brance, but this of itself should not exclude the offered evidence.
If evidence at all, the judgment was but matter of defense, to
be regularly offered with a denial of the adjustment and promise.

The plaintiff's claim was unliquidated and, as divulged by
the evidence, was a disputed one, contingent and uncertain in
amount.    The plaintiff argues that the proper parties met, dis-
cussed and urged their several contentions, and, to avoid costs,
expenses, delay, and risks incident to litigation, mutually agreed
to yield somewhat, and to give and to accept a sum higher than
one, and lower than the other originally offered, in order to then
and there adjust the whole matter.    After this is done, without
fraud or imposition, and the adjustment is supported by a suffi-
cient consideration, it should not be disturbed.    After an adjust-
ment or compromise it is too late to impale the plaintiff on any
of the sharp conditions sometimes found in policies of insur-
ance : Wagner v. Insurance Co., 143 Pa. 339, in which case
the present chief justice says : " The controlling issue was one
of fact, viz : whether plaintiff's claim was compromised and
payment thereof promised as averred in the statement.    That
question was fairly submitted to the jury and found in favor
of the plaintiffs.    That finding of fact was conclusive against
the defendant, and virtually disposes of every ground of de-
fense based on conditions contained in the policy."    The opin-
ion adopts with approval the following citation : " Where an
insurance company, after a loss, has adjusted the claim there-
for, and has agreed to pay a certain sum in liquidation of the
claim, it cannot, in an action setting forth such facts, object
that the action was not brought within the time limited in the
policy.    In such a case the action is not upon the policy, but
upon the agreement to pay.    Neither in such a case can it set
up a breach of warranty or of any of the conditions of the policy
in defense, for adjusting the loss and promising to pay it is a
waiver of all breaches on the part of the assured, and of all
defenses which might have been made except for such waiver.
A breach of warranty or of any condition in the policy must be
insisted on when the claim is made, and before an agreement to
pay the loss has been made : 2 Wood on Insurance, sec. 450."
And no reason has been mentioned why the company should

not be bound by its contract as alleged by the plaintiff. The loss was an honest one; prompt notice was given; no misrepresentation or concealment is suggested; no refusal to furnish any or all information asked for; the company was represented by an experienced officer who made the contract of adjustment, if proved, with his eyes open. If the company was ignorant of the fact that the property had been incumbered for a few months by a purchase money judgment of other property which was abundantly sufficient to secure its payment, it was not the plaintiff's fault if her attention was not called to it. She did not stand in any relation of trust or confidence which made her silence a fraud on the company. It is not the experience of persons who come in contact with insurance adjusters to find that there are material defenses about which they have no knowledge or make no inquiry before a substantial offer to pay is made.

As is pertinently stated by Judge HUSTON in Bennet v. Paine, 5 W. 259, a case may occur in which it may be apparent that a party has lost by a compromise, but it will not do on this account to change a rule of law founded in the best sense and most conducive to the peace of society and the security of titles.

The evidence suggested in the fifth assignment should have been received, the facts therein stated submitted to the jury under proper instructions. This assignment is sustained, and for the reasons given, the sixth and seventh are sustained.

The judgment is reversed, and a venire facias de novo awarded.