## Laib & Co. *v.* Hon. J. I. Clark Hare et al., Judges.

*Wholesale liquor license—Transfer—Locality—Act of April* 20, 1858.
The court of quarter sessions has no jurisdiction to authorize the transfer of a wholesale liquor license from one place to another.

Argued Feb. 15, 1894. Petition for mandamus by Henry Laib and Kate Laib, trading as Laib & Co., v. Honorable J. I. Clark Hare, and Honorable Craig Biddle, Judges of the Court of Quarter Sessions for the County of Philadelphia.

Before STERRETT, C. J., GREEN, WILLIAMS, MITCHELL and FELL, JJ.

The petition averred that the petitioners were granted a license by the Court of Quarter Sessions of Philadelphia county to sell liquors at wholesale for a period of one year from June 1, 1893, to June 1, 1894.

"That since the granting of said license, until the 31st day of January, 1894, your petitioners conducted the wholesale liquor business at their premises at the northwest corner of Second and Vine streets, in the city of Philadelphia, and upon said date the said premises were almost entirely consumed by fire, in consequence of which your petitioners were unable to further occupy or conduct their business therein, and having on hand a large stock of merchandise, consisting of liquors, they secured premises at 432 Market street, in the city of Philadelphia, intending there to conduct their said liquor business for the remaining portion of their license year.

"That the premises secured by your petitioners at 432 Market street, is but six squares distant from their old location, and is in a locality of the city of Philadelphia used and employed entirely for business purposes. That application was made to the Honorable the Judges of the Court of Quarter Sessions of Philadelphia county, to transfer the license held by your petitioners, so that they might be permitted to conduct their said business in premises No. 432 Market street, but the application for said transfer was refused."

The petitioners prayed for a mandamus to compel the respondents to transfer their license,

*Clinton O. Mayer* and *Joseph L. Greenwald*, for petitioners.— Upon the question of the transfer of licenses, the act of May 13, 1887, P. L. 108, and the act of June 9, 1891, P. L. 257, are both silent, so that transfers must be regulated and allowed under the provisions of the act of April 20, 1858, § 7, P. L. 366 : Blumenthal's Petition, 125 Pa. 414.

The petitioners contend that so far as wholesale licenses are concerned, a discretion is vested in the court of quarter sessions to grant transfers of licenses from place to place under the language of the act of 1858, which mentions three cases

under which transfers can be made, and they are, (*a*) where the party licensed shall die, (*b*) where the party licensed shall remove; (*c*) where the party licensed shall·cease to keep such house.

And in all of these three cases the license may be transferred or license be granted to the successor of such party. Now it is respectfully contended that if the three cases for transfer mentioned in said act were intended to apply to transfer only from person to person, there would be no need to make distinction, as is made in said act, between a renewal or ceasing to keep said house, because the said clauses are not in the conjunctive but in the disjunctive, and a removal, unless it is held to amount to the same as ceasing to keep such house, must necessarily give to the court a discretion to grant a license, in the case of a removal to another place.

If the act of 1887 did not interfere with the exercise of a discretion in the court to transfer liquor license from place to place, the right of the court still exists, since the act of 1891 contains nothing to interfere with the right of the court to make such transfer. It is respectfully submitted that the view of the court below, namely, "that the advertisement required by the act of 1887 and 1891, is of no avail if transfers were allowed," is without force, because, since Blumenthal's Case, transfers are made without advertisement, though the act of 1887 especially requires full advertisement.                    . . .

PER CURIAM, Oct. 1, 1894:

This petition for a rule on defendants to show cause why a writ of alternative mandamus should not issue against them as prayed for, etc., was presented, considered and denied at our last session in the Eastern District.

It appears that the transfer of the license in question was refused by the defendants in their official capacity, for the following among other reasons, viz: that "the various acts of assembly, relating to liquor licenses, do not authorize the transfer of such licenses from one place to another, and that no discretion is vested in the court to allow or make such transfers." These reasons are both satisfactory and conclusive. The jurisdiction vested in the judges of the quarter sessions to grant liquor licenses and, in certain circumstances, to authorize the

licensee to transfer his license to his successor in the business, etc., is purely statutory. There appears to be nothing in the law. however that authorizes them to sanction the transfer of licenses from one locality to another. It therefore follows that in refusing to authorize the transfer of plaintiffs' license, as prayed for, the defendants acted strictly within the line of official duty, and there is nothing on which to sustain this proceeding.

Rule denied and petition dismissed with costs to be paid by the plaintiffs.