Samuel J. Babb, Appellant, v. D. M. Taylor et al.

*Liquor law—Refusal of license—Inadequate reason.*
It may well be conceded that reckless selling of liquor to be drunk on or off the premises would be evidence of an applicant's unfitness for a retail liquor license, but it is not within the meaning of the act of May 13, 1887, P. L. 108, that a single or occasional sale of a bottle containing one quart to be drunk elsewhere than on the premises licensed is an offense against the spirit of the law or that it can be assigned as a legal reason for refusing an applicant's petition for renewal of retail liquor license.

Argued May 19, 1896. Appeal, No. 63, Nov. T., 1896, by petitioner, from decree of Q. S. Chester Co., refusing a retail liquor license. Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ. Reversed.

Petition and bond for retail liquor license. Before HEMP-HILL, J.

Samuel J. Babb, the appellant, on January 27, 1896, filed in the court below, a petition and bond, in proper form, for a license to sell vinous, spirituous, malt and brewed liquors by retail at his hotel in the Borough of Oxford. Subsequently a

remonstrance against the application was filed by D. M. Taylor and others, alleging as one of the reasons in support of it that the applicant had, while holding a license granted by the court, sold liquor by the bottle to be drank elsewhere than on his premises.

It was admitted by the appellant that he had thus sold. The quantity sold was not in excess of one quart. Because of sales thus made, the court below declined to grant the license, and from the decree refusing the license this appeal was taken.

The court entered the following decree.

And now, March 30, 1896, after hearing the foregoing application, the license prayed for is refused, on the ground that the applicant while holding a license from this court sold liquor by the bottle in quantities not exceeding one quart, to be drank elsewhere, in violation of the established regulation of the court heretofore made in In re application of Boldridge, 2 Chester Co. 237.

*Error assigned* was entry of decree refusing the application, reciting same.

*Thomas W. Pierce* and *J. Frank E. Hause*, for appellant.— The application for the license was presented under the general Act of May 13, 1887, P. L. 108, and its supplements, under which act the applicant had already a license heretofore.

The right on the part of the court to impose arbitrary conditions other than those prescribed by law is not merely doubtful, but it does not exist.

It may be conceded that if the holder of a license permits the sale of liquor indiscriminately, even in quantities not exceeding one quart, to be consumed away from his place of business, whereby drunkenness and disorder follow as the natural consequence, the license should be withheld when a subsequent application is made. A person knowingly permitting such consequences to follow his actions in dispensing liquor, could scarcely be said to be a person fit to be intrusted with a license.

But from what source does the court derive power to say that a license shall be refused because, while holding a license, a quantity of liquor was sold by the licensee in a bottle and

consumed away from the premises? City v. Kalchthaler, 114 Pa. 552.

In construing the retail license law, it has been held that the courts of quarter sessions possess no such authority as was exercised in the present case: Stevens' Application, 5 Pa. C. C. 627 ; Mercersberg Licenses, 5 Dist. Rep. 171.

This ground being invalid under the statute, the decree should be reversed and the cause remitted for further proceeding: Gemas' License, 169 Pa. 43.

*E. D. Bingham*, for appellee.—The lower court cases, cited in appellant's paper-book, are of course not binding on this court, and if they were, are abundantly offset by the numerous cases in which such conditions were imposed, thus:

In Morris's License (2 Pa. C. C. 79), a license was withheld until the proper accommodations were furnished for ladies.

In Bedford County (2 Pa. C. C. 85), Judge BAER held that the lateness of the hour to which licensed houses were kept open might be considered on an application for relicense.

In Clearfield County (2 Pa. C. C. 86), Judge KREBS held that to keep open later than 10:30 P. M. is very strong evidence that the applicant was not a fit person to hold a license.

In Adams County (5 Pa. C. C. 26), Judge McCLAIN refused to license underground rooms, and required all sales to be open and public.

In Montgomery County (11 Pa. C. C. 406), Judge SWARTZ held that music in a barroom, as an attraction to draw customers, would be considered by the court, on an application to revoke a liquor license.

The fact that these and many such like rulings have never been reviewed, is persuasive of the common consent of bar and bench, that they are legitimate exercises of discretion.

OPINION BY REEDER, J., July 16, 1896.

Samuel J. Babb presented an application for license which in every way conformed to the requirements of the acts of assembly now in force in this commonwealth. A remonstrance was filed by D. M. Taylor and others alleging that the applicant had while holding a license sold liquor by the quart to be drank elsewhere than on the premises. Upon the hearing the applicant admitted that he sold a bottle of liquor containing

less than one quart to be drank elsewhere than at his hotel. The court below in its opinion find that the contents of the bottle so sold did not exceed one quart. The court therefore for this reason alone refused the applicant a license setting forth this as the sole reason for such action. We do not think that the acts regulating the sale of liquor at retail in this commonwealth justify any such construction of the law. A retail liquor dealer is licensed to sell liquor in quantities not exceeding one quart. Therefore the sale of a bottle of liquor containing one quart is within the purpose of his license. Must the licensee see to it that the purchaser to whom he sells one quart of liquor consumes it all before he leaves the premises? Can this be the meaning of the law? Must the landlord whose guest orders a bottle of wine or spirituous liquor to his room see to it that his guest takes no remnant of it away in his baggage? Either he has a right to sell in this way or he has not. If he has not, then such sale being unauthorized is illegal and in violation of the provisions of the act of 1887. If it is in violation of the provisions of the act of 1887 and its supplements it is a misdemeanor. Suppose a man should be indicted for such sale could a conviction be sustained? Yet if it is illegal it would be a misdemeanor. All sales not declared illegal by some act of assembly are legal. This licensee in making such sales did that which was within his right by virtue of his license or he made a sale of liquor which he was not licensed to make and was guilty of a misdemeanor. The latter could not successfully be contended for.

It may well be that reckless selling of liquor to be drank on or off the premises would be evidence of the applicant's unfitness, but that question is not before us, as the license was not refused because of the unfitness of the applicant.

It follows that such sale was a legal sale; one which he was authorized to make under and by virtue of the provisions of the law under which he was granted a license, and this being the only reason given by the court below for refusing the license, the action of the court cannot be sustained. We are therefore of opinion that the only reason given by the court below for refusing this license was not a valid one, and unless there is other ground which does not appear for refusing the applicant a license it should be granted.

Judgment reversed and procedendo awarded.