## Donovan's License.    Appeal of Elizabeth D. Kane.

*Liquor law—Appellate review of discretion measured by record.*

The law has furnished no mode by which evidence given on the hearing of a liquor license application, in support, in denial, in rebuttal of an allegation of fact contained in a remonstrance can be brought on the record. An opinion in a license case is not equivalent to nor is it to be given the effect of a case stated or a special verdict where facts not stated are presumed not to exist. The record being free from irregularity the appellate court will not go outside of it in search of reasons for holding that the court committed error in granting a license.

*Liquor license—Effect of covenant against sale of liquor running with the land.*

A remonstrance to granting a license being founded upon the construction of a covenant in licensee's deed, running with the land, prohibiting sale of liquor on the premises and the court below having granted the license the discretion of the court in so doing will not be reviewed. The question whether the license court may not under any circumstances refuse a license on such grounds is not passed on nor is the effect of this particular covenant construed. There might have been other facts which would have made it·inequitable for the license court to enforce the covenant or condition specifically.

Argued Feb. 16, 1899. Appeal, No. 8, Feb. T., 1899, by Elizabeth D. Kane, from order of Q. S. McKean Co., June Sess., 1898, No. 43, granting a wholesale liquor license. Before RICE, P. J., BEAVER, ORLADY, SMITH, W. W. PORTER, W. D. PORTER and BEEBER, JJ. Affirmed. Opinion by RICE, P. J.

Petition for wholesale liquor license. Before MORRISON, J.

The facts sufficiently appear from the opinion of the court below, as follows:

The petition and bond are in due form and properly signed and executed. The petition is supported by a supplemental petition signed by a large number of residents of the borough of Kane. The applicant is a man of temperate habits and of good moral character. He has rented and is in control of a suitable, well located room for a wholesale liquor store. He has been in the hotel business and held a license for the sale of intoxicating liquors in the counties of Warren and McKean for many years. We are satisfied that he is competent to manage

a wholesale liquor store in a lawful manner, and that he can command sufficient capital to stock and carry on such a business in accordance with the provisions of the law.

Kane borough is a flourishing business place with three railroads, one of which is the Philadelphia and Erie, passing through it. Upon the question of public necessity there is as much reason for wholesale liquor stores in Kane as in any place of its size. It has a population of nearly 7,000.

A very large number of men and women, residents of Kane borough, have remonstrated against the granting of this license, on the ground that there is no public necessity for it. We have not the slightest doubt but these good people would remonstrate just as vigorously if Kane borough had a population of 100,000. And with our knowledge of the man, the place, the business opportunity, and our acquaintance with the people of Kane, and giving due weight to the petitions and remonstrances, it seems to us that this license should be granted.

But we are met with another objection which rises as follows: The building for which the license is asked is erected upon a lot of land, upon the principal street of the borough, which was conveyed by Elizabeth D. Kane to one Leonard, by deed February 2, 1886, recorded in deed book, vol. 32, p. 333. This deed contains the following: "Reserving also and conferring upon the party of the first part, her heirs and assigns, the right to enter and tear down any house or building upon the said lot used for the sale of spirituous or fermented beverages, or for the promotion or convenience of illicit sexual intercourse, or indecent or immoral practices, the party of the second part, his heirs and assigns, assuming hereby all liability for damage or injury to persons or property of themselves or others resulting from the exercise of the said right."

The applicant rents his rooms from persons who hold under the above deed from Elizabeth D. Kane.

It is argued that the above reservation requires the court to refuse the applicant's license.

Covenants and conditions contained in deed prohibiting the grantee and those holding under him from using the premises, or any portion thereof, for the sale of intoxicants, are not uncommon and have been sustained and enforced by the courts of the United States and the courts of Pennsylvania.

In Cowell v. Colorado Springs Co., 100 U. S. Rep. 55, the deed contained the following condition: "That intoxicating liquors shall never be manufactured, sold, or otherwise disposed of, as a beverage, in any place of public resort on the premises and if this condition be broken by the grantee, his assigns or legal representatives, this deed shall become null and void, and the title of the premises shall revert to the grantor."

This condition was broken by the sale of intoxicants and the grantor brought an action to recover the property. . Held that the condition was not contrary to public policy, and the grantor could recover.

A condition in a deed declaring that the sale upon the premises of intoxicating liquors shall render the deed void and that the estate granted, shall revert to the grantor, is valid: Lehigh Coal and Navigation Co. v. Gluck, 5 Pa. C. C. R. 662.

Where real estate is conveyed, and by the deed the grantee agrees not to sell liquors on the premises, the covenant is one which runs with the title, and extends to later owners, although not so stated in express words. The court will refuse a license to a building erected on land where such a provision is in the line of the title: Snyder's License, 2 Dist. Rep. 785.

We can agree with the doctrine of the last case as to the grantee who agreed not to sell liquors on the premises, but that this covenant runs with the title and extends to later owners is doubted.

The acceptance by a grantee of a deed with a lawful condition, is in law a covenant that he will not violate: Blood v. Crew, 177 Pa. 606.

It has been decided that even when restrictions are not the subject of what can be strictly called a covenant, compliance with them may be enforced in equity in order to carry out the full intent of the original conveyance.

But now turning to the Elizabeth D. Kane deed, is the so-called reservation a lawful one? Suppose liquors were sold in the building thereon would any court of equity decree that the building should be torn down, or tie up the hands of the owner by an injunction so as to permit the grantor to tear down the building and thus enforce this remarkable provision?

We think this clause is contrary to public policy and that the courts will not enforce it. It should be noticed that it was not

framed with any idea of appealing to the courts for its enforce-ment. But the grantor undertook to reserve to herself the right to enter upon the grantee's real estate and tear down any house or building upon the said lot used for the sale of spiritu-ous or fermented beverages. Now, this lot was sold for about $1,000, and let us suppose that the grantee has erected thereon a brick block of the value of, say $20,000, then suppose that the owner has procured a license and established a wholesale liquor store in said building, would the law permit the grantor to enter upon the premises and tear down the building? We think not upon the reservation contained in this deed. The right of a grantor to insert in his deed of land a condition or covenant that the land shall not be used for the sale of intoxi-cating liquors cannot be doubted, but the reservation in this deed is not a covenant or condition on the part of the grantee or his legal representatives that they will not sell intoxicating beverages in any house or building upon the lot. But on the contrary, it is an attempt to reserve to the grantor the right to tear down the grantee's house or building, it seems to us that the grantee and those holding under him had a right to assume that the courts would not enforce this singular provision. The law recognizes the wholesaling of spirituous liquors, under a license, as a lawful business, and we do not think the clause in this deed will justify the court in refusing a license to a man who desires to engage in this business and is otherwise quali-fied, and where there appears to be a public necessity for the business, within the meaning of the law.

The bond will be approved and the license granted as prayed for in the petition. And at the request of the counsel for the objectors we note an exception to this ruling and seal a bill, this 24th day of May, 1898.

Elizabeth D. Kane appealed.

*Error assigned* was to the order of the court granting the license as prayed for.

*R. L. Edgett*, of *Berry & Edgett*, for appellant.—Where real estate is conveyed, and by deed the grantee agreed not to sell liquor on the premises, the covenant is one which runs with the title and extends to later owners, although not so stated in

express words. The court will refuse a license to a building erected on land where such provision is in the line of the title: Snyder's License, 2 Dist. Rep. 785 ; Coal & Navigation Co. v. Gluck, 5 Pa. C. C. R. 662.

The acceptance by the grantee of a deed with such restrictions, is in law a covenant that he will not violate them: Blood v. Crew, 177 Pa. 606.

The title vesting through the instrument containing the reservation or condition resulting in the implied covenant to observe it, became a covenant running with the land : Church's Appeal, 67 Pa. 512.

No book or appearance for appellee.

OPINION BY RICE, P. J., March 23, 1899 :

We are not to be understood as holding that the court of quarter sessions may not, under any circumstances, refuse to grant a license to a person upon the ground that the sale of liquors by him upon the premises would be a breach of a covenant in his deed or running with the land which a court of equity would enjoin. Nor are we required to construe the clause in the deed from the remonstrator to John D. Leonard and to declare whether it has or has not the effect of such a covenant, and is enforceable against the licensee. Without expressing an opinion upon these questions we base our decision affirming the order upon the narrower ground that the law has furnished no mode by which evidence given on the hearing of a liquor license application, in support, in denial, or in rebuttal of an allegation of fact contained in a remonstrance can be brought on the record.

So that, even if it were a fact that the deed, under which the licensee holds, contains a covenant or condition that no liquor shall be sold upon the premises, still it would not necessarily follow that the court committed error or was guilty of an abuse of discretion in granting the license. There might be other facts which would make it inequitable to enforce the covenant or condition specifically. We have no right to take their nonexistence for granted because they are not mentioned in the judge's opinion. To hold otherwise would be to say that an opinion filed in a license case is equivalent to, and is to be given

all the effect of, a case stated or a special verdict, where facts not stated are presumed not to exist. Whether or not such facts existed in the present case could only be determined by an examination of the evidence. But the evidence is not before us, and could not be considered even if it were sent up and printed in the paper-book, because it is not part of the record: Carlson's License, 127 Pa. 330. The record is free from irregularity, and if we were to go outside of it in search of reasons for holding that the court committed error in granting the license we would become involved, as Chief Justice WOODWARD said in Mauch Chunk v. Nescopeck, 21 Pa. 46, in an abortive attempt to administer justice to the parties without the assurance that we have their whole case before us. Finding no error in the record and it not being clear that there was any abuse of discretion the order is affirmed.