## Bernard McCabe's License.    Appeal of Edward Maher.

*Liquor law—Standing of owner as remonstrant and appellant—Practice, Q. S.*

The owner of the premises, occupied by a tenant in enjoyment of a retail liquor license, who appeared as a remonstrant on a petition for transfer of the license, has a sufficient interest in the proceeding to appeal from an order directing the transfer.

*Liquor law—Transfer of license—Jurisdiction, Superior Court—Appeal.*

The revisionary jurisdiction of the Superior Court upon appeal from an order transferring a retail liquor license is confined to the inquiry, whether the license court has kept within the limits of its jurisdiction and proceeded with regularity according to law; and in the determination of the question the appellate court cannot have the aid of the evidence given on the hearing nor review the decision of the court below on any question of fact; the only question before it is whether the facts averred in the petition were sufficient to give the court jurisdiction.

*Transfer of license—Act of 1897—Partial destruction of premises.*

Under the Act of July 15, 1897, P. L. 297, authorizing transfers of license from place to place for "partial or complete destruction," the meaning of the words of the statute is found not so much in a strictly grammatical or etymological propriety of language as in the subject or the occasion on which they are used; and the word "destroy" may mean to render useless for the purpose intended.

Where a petition therefore alleges a partial destruction of premises, in that the cellar is full of water and unfit for occupancy for the purpose of the license, the question of fact rests with the court below.

Argued Oct. 3, 1899.    Appeal, No. 155, Oct. T., 1899, by Edward Maher, from order of Q. S. Phila. Co., granting the transfer of a retail liquor license of Bernard McCabe.    Before RICE, P. J., BEAVER, ORLADY, SMITH, W. W. PORTER and BEEBER, JJ.    Affirmed.    Opinion by RICE, P. J.

Petition of Bernard McCabe for transfer of retail liquor license from premises No. 407 South 11th street to premises northeast corner 20th and Naudain streets for the balance of the license year commencing June 1, 1899.    Before WILTBANK and McCARTHY, JJ.

It appears from the record that Bernard McCabe, a retail liquor licensee in the city of Philadelphia, having a retail liquor license at No. 407 South 11th street, applied, by petition, for

leave to transfer his license to the northeast corner of 20th and Naudain streets in the same ward.

In his petition he set forth that he had had a retail liquor license at 407 South 11th street for five years past. "That Edward Maher is the owner of the premises No. 407 South 11th street."

In his petition he stated as his reason for his application for the transfer that "there is a partial destruction of the building at No. 407 South 11th street which he now occupies in that the cellar of said premises is full of water for a great portion of the year especially in the winter time, and that the roof leaks."

The appellant, the landlord of the premises, filed a remonstrance, setting forth that the place had been a licensed tavern for more than twenty years continuously and that to grant a transfer therefrom would greatly impair its value. He averred that the premises were tenantable in every respect and that according to the terms of the lease of the licensee, a copy of which he attached to the remonstrance, the licensee was bound during his term to keep the said premises in good order and repair.

The petition was filed on June 10, 1899. On June 27, 1899, the remonstrance of Edward Maher against said transfer was filed. On June 30, 1899 the following docket entry appears: "Present: Hon. W. W. WILTBANK and Hon. H. J. McCARTHY. Petition for transfer and remonstrance against same heard and held under advisement." July 5, 1899, the following judgment was entered: "And now, July 5, 1899, on motion of petitioner and after hearing in open court, it is ordered that the prayer of the petitioner be granted." Edward Maher appealed.

*Error assigned* among others was in granting the prayer of the petition for transfer of the liquor license.

*W. Horace Hepburn*, with him *Joseph A. Robbins*, for appellant.—Before the passage of the act the courts had no jurisdiction to transfer licenses from one place to another: Laib & Co. v. Hare, 163 Pa. 481; Blumenthal's Appeal, 125 Pa. 412.

The legislature has shown that the word "destruction" was used in the ordinary sense by giving an example as to the nature of the destruction which was meant, as, for instance, in the words of the act, "by fire or otherwise."

Especially would this condition of the property seem to be no reason for a transfer when it appears from the record that it was the licensee's duty under his lease to make the repairs himself. In other words, the licensee presents a petition setting up his own default or neglect to perform his duty under his lease as his sole reason for asking for a transfer.

By Wocker's License, 6 Pa. Superior Ct. 323, and the later cases that have followed it, the owner of the building—the landlord—has a right to remonstrate and the consequent right of appeal.

*Samuel Peltz*, for appellee.

OPINION BY RICE, P. J., November 20, 1899:

An appeal from an order transferring a liquor license from one place to another does not bring up the evidence given on the hearing. It does, however, bring up the petition, and if the reason alleged therein was insufficient to give the court jurisdiction to make the transfer, there can be no doubt of our jurisdiction to reverse and set aside the order. In such a case there would be no room for presumption that the court transferred the license for a valid reason. The case is distinguishable from McKibbins's License, ante, p. 421, on this ground. Nor do we entertain any doubt as to the right of the owner of the licensed premises to be heard in opposition to the proposed transfer, and, if unsuccessful in the court below, to appeal from the order. We have decided that one who was properly before the lower court as a remonstrant against the granting of a license and was heard by that tribunal might appeal from an invalid order directing a license to issue after the licensee had defaulted in payment of the license fee within the time prescribed by statute: Wacker's License, 6 Pa. Superior Ct. 323. The appellant in the present case has an equal, if not a greater, interest in the proceeding, Umholtz's License, 191 Pa. 177–181, and an equal right to be heard in opposition to the transfer of the license to another place. It should be observed, however, that our revisory jurisdiction is limited. It is confined to the inquiry whether the court has kept within the limits of its jurisdiction and proceeded with regularity according to law, and in the determination of that question

we cannot have the aid of the evidence given on the hearing. We, therefore, cannot review the decision of the court below upon any question of fact. The court having granted the transfer prayed for, we must assume that all the material facts averred in the petition were established to the satisfaction of the court by competent proof, and that there were no countervailing facts to preclude the court from exercising its discretionary power to make the order complained of. See Roche's Private Road, 10 Pa. Superior Ct. 87. The question then is, whether the facts averred in the petition were sufficient to give the court jurisdiction. The material averments are as follows: "Your petitioner states that as his reason for his application for the said transfer, there is a partial destruction of the building at No. 407 South 11th street, which he now occupies, in that the cellar of said premises is full of water for a great portion of the year, especially in the winter time, and that the roof leaks, all of which is detrimental to petitioner's business and renders the premises unfit for occupancy for the purposes of a retail liquor saloon. That your petitioner has called the attention of the owner to the condition of the premises, and the board of health has declared it a nuisance, but the owner of the premises has refused to place the property in a tenantable condition." Prior to the Act of July 15, 1897, P. L. 297, the court of quarter sessions had no jurisdiction to authorize the transfer of a liquor license from one place to another: Laib v. Hare, 163 Pa. 481. To prevent the hardships which sometimes resulted, the legislature provided that the court might transfer a license from one place to another within the same precinct, ward or borough, "in the event of a partial or complete destruction . . . . by fire or otherwise" of the building occupied by the licensee. The appellant's counsel argue, that, even admitting all the facts averred in the petition, there was no such partial "destruction" of the building as the legislature contemplated.

We agree with them, that the mere fact that the building has become untenantable for lack of ordinary repairs is not sufficient to give the court jurisdiction. Leakiness of the roof is a fair illustration of what would not be deemed a "partial destruction" of the building within the meaning of the act. But we are unable to go to the extent of holding that the word

"destruction" must necessarily be construed as synonymous with "demolition," "breaking up in parts," "pulling down." The act is to be given a reasonable construction, having regard to the purpose for which it was passed. It is not to be construed so liberally as to permit the transfer of licenses upon every trivial pretext, nor so strictly as to prevent the transfer in cases plainly within the mischief existing under the old law, the object had in view in the enactment of the new law and any recognized definition, etymological or popular, of the words. The meaning of words of a statute is found not so much in a strictly grammatical or etymological propriety of language as in the subject or in the occasion on which they are used and the object to be obtained : Endlich on Interpretation of Statutes, sec. 73. In the application of this familiar principle the term "to destroy" has on more than one occasion been construed to describe an act, which, while rendering useless for the purpose for which it was intended, did not literally demolish or annihilate the thing. A notable illustration is found in the case of United States v. Johns, 4 Dallas, 412. See also Evans's Appeal, 58 Pa. 238, 244, and Jones v. R. R. Co., 151 Pa. 30, 46. Whether the condition of the cellar of the appellee's house was permanent or temporary and easily remedied, was due to his negligence or to causes not within his control, and rendered the whole premises a nuisance and unfit for occupancy, were questions for the decision of the court below, and we express no opinion upon them. But if the proofs established all that was alleged in the petition, we are not prepared to say that the court had not jurisdiction, nor that there was any such plain abuse of discretion as would justify us in interfering.

The order is affirmed.