## Sweeney's License. Appeal of Edward Sweeney.

*Liquor law—Appeal—Refusal of license.*

The appellate court has no authority to reverse a decree of the license court except for abuse of discretion plainly appearing; it may not reverse on doubtful inference. The presumption is that a license when refused is refused for a legal reason and not arbitrarily.

Argued Oct. 6, 1899. Appeal, No. 119, Oct. T., 1899, by Edward Sweeney, from order of Q. S. Phila. Co., refusing petition for bottler's license. Before RICE, P. J., BEAVER, ORLADY, SMITH, W. W. PORTER, W. D. PORTER and BEEBER, JJ. Affirmed. Per Curiam.

Application of Edward Sweeney for wholesale bottler's license. Before WILTBANK and McCARTHY, JJ.

It appears from the record that a petition was filed January 28, 1899. February 28, order of court filed. March 24, remonstrance filed. March 28, petition and remonstrance heard and held under advisement. April 29, petition refused. May 3,

petition for rehearing filed.   May 6, petition dismissed.   May 27, petition of Edward Sweeney, affidavits, etc., filed.   May 30, after argument and hearing, petition dismissed.   Edward Sweeney appealed.

*Errors assigned* among others were (1) in considering the allegation of the remonstrance, to wit: " The said applicant is not a person of good moral character, in this, that while licensed as a bottler, we are informed and expect to prove that he has sold or furnished liquor to a person or persons who maintained an illegal place or places where liquor was sold without a license.   The following places are specified."   (3) In refusing to grant the prayers of Edward Sweeney as set forth in his petition of May 27, 1899.   (4) In refusing Edward Sweeney's application for bottler's license, No. 267, in the fifteenth ward of the city of Philadelphia, in that it acted upon a reason which was not valid or legal.

*Henry A. Mackey*, with him *James A. Flaherty*, for appellant.

*Lewis D. Vail*, with him *D. C. Gibboney*, for appellee.

PER CURIAM, November 20, 1899 :

It is argued that the presumption is that the license was refused exclusively for the reason specified in the remonstrance, (which, it is contended, was not a legal reason under our ruling in Babb's License, 2 Pa. Superior Ct. 38), because, if that was not the case, the court would not have entertained the second petition for a rehearing.   This is mere surmise, not a necessary inference from the latter action of the court.   The court simply set the petition down for a hearing and after hearing dismissed it.   This may have been because the proof adduced on the hearing was insufficient to establish the facts averred in the petition, or, it may have been because, although the allegation that the petitioner had not sold liquor to the keeper of an unlicensed place was proved to the satisfaction of the court, yet upon a fuller consideration of the application after arguments of counsel, the court saw no sufficient reason for setting aside or opening its original decree.   This was a matter within its discretion exclusively, and its action is not reviewable here, and the fact that

the court did not summarily dismiss the petition for reconsideration without a hearing is not sufficient to distinguish the case from Com. v. Kerns, 2 Pa. Superior Ct. 59, and Hilleman's Appeal, ante, p.      .   We have authority to reverse for abuse of discretion plainly appearing, but not on such doubtful inference as is urged here as to the reasons which influenced the action of the court.   We know not what they were, and mere surmise or conjecture, plausible as it may seem, is not sufficient to repel the presumption that the license was refused for a legal reason and not arbitrarily.

The order is affirmed.