# Dowling's License.

*Liquor law—Transfer of license—Appeals—Review.*

Where a petition for the transfer of a retail liquor license sets forth all the facts that are essential to the jurisdiction of the court, and it is stated in the order that it was made after hearing, and no irregularity appears in the record, the appellate court will not reverse the order in the absence of anything on the record from which an inference of an abuse of discretion could be drawn. In such a case the evidence is not before the appellate court, and the decision of the lower court upon any question of fact cannot be reviewed.

Argued Dec. 3, 1913. Appeal, No. 150, Oct. T., 1913, by Andro Stremba, from order of Q. S. Schuylkill Co., Jan. T., 1913, No. 508, transferring liquor license in re Petition of William J. Dowling for Transfer of Retail Liquor License of Andro Stremba, in First Ward of

Mahanoy City.   Before RICE, P. J., HENDERSON, OR-
LADY, HEAD and PORTER, JJ.   Affirmed.

Petition for transfer of liquor license.

The order was as follows:

And now, June 16, 1913, after hearing, the sureties on
the bond of the above-dated application are approved
and the transfer of license as prayed for is granted, upon
payment to the said Andro Stremba of the full amount
of the license fee for the current year.   It is further or-
dered that a duplicate license be issued to the said Wil-
liam J. Dowling by the clerk of the court as the original
license is in the hands of the said Andro Stremba.

*Error assigned* was the order of the court.

*R. P. Swank*, with him *John O. Adamson*, for appel-
lant, cited: Whitlock's License, 39 Pa. Superior Ct. 34;
Schilbe's License, 40 Pa. C. C. Rep. 496.

*Arthur L. Shaw*, with him *M. J. Ryan*, for appellee.

PER CURIAM, December 17, 1913:

The only matter assigned for error is the order, which
is set forth at length in the assignment, transferring
to William J. Dowling the retail liquor license originally
granted to Andro Stremba, the appellant.   The petition
for the transfer sets forth all the facts that are essential
to the jurisdiction of the court, and it is stated in the
order that it was made after hearing.   No irregularity
appears in the record, and nothing is before us from
which an inference of an abuse of discretion can be
drawn.   As pointed out in McCabe's License, 11 Pa.
Superior Ct. 560, our revisory jurisdiction is limited;
it is confined to the inquiry whether the court has
kept within the limits of its jurisdiction and proceeded
with regularity according to law.   In the determination
of that question we cannot have the aid of the evidence

given on the hearing. We, therefore, cannot review the decision of the court below upon any question of fact. The court having granted the transfer prayed for, we must assume that all the material facts averred in the petition were established to the satisfaction of the court by competent proof, and that there were no countervailing facts to preclude the court from exercising its discretionary power to make the order complained of.

The order is affirmed.